UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANTHONY SMITH,

       Petitioner,                          Case No. 16-13475
                                                      Honorable Terrence G. Berg

SHANE JACKSON,

       Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY (DKT. 2), HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS, AND ADMINISTRATIVELY CLOSING THE CASE**

Petitioner Robert Anthony Smith asks the Court to stay his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 pending his re-sentencing in the state trial court following a remand by the Michigan Supreme Court. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion. The Court also administratively closes the case.

**I.   Background**

Petitioner was convicted by a jury in the Wayne County Circuit Court. *See People v. Smith*, No. 316224, 2015 WL 1119716 (Mich. Ct. App. 2015). Petitioner filed an appeal of right, raising the six claims that are included in his current habeas petition. The Michigan Court of Appeals affirmed his conviction and sentence. *Id.* Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. See *People v. Smith,* 499 Mich. 898 (2016). In addition to presenting the claims raised in his appeal to the Michigan Court of Appeals, Petitioner asked to add a new issue

1

based on the Michigan Supreme Court's opinion in *People v. Lockridge*, where it held that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. 498 Mich. 358 (2015).

The Michigan Supreme Court, in lieu of granting leave to appeal, issued the following order:

> [W]e REMAND this case to the Wayne Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant.

*People v. Smith,* 499 Mich. 898, 876 N.W.2d 825 (2016).

Petitioner has yet to be re-sentenced by the trial court.[1] Dkt. 2, p. 2. Petitioner indicates in his motion that should the trial court reaffirm the original sentence, he plans to appeal the sentence again to the Michigan appellate courts. Dkt. 2, p. 3.

## II. Discussion

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007). Here, the Court grants Petitioner's motion to hold his petition in abeyance during the pendency of his re-sentencing in the state trial court and any possible appeal from that re-sentencing. In making this

---

[1] According to the online records kept by the Wayne County Circuit, at the time of this Order that court had yet to re-sentence Petitioner.

determination, "the Court considers the consequences to the habeas petitioner if [the Court] were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 942 (E.D. Mich. 2015). Moreover, "[i]f this Court were to proceed in parallel" while Petitioner was being re-sentenced and possibly pursuing a post-sentencing appeal, "there is a risk of wasting judicial resources" because the state court might grant relief on the unexhausted claim. *Id.* This Court sees no prejudice to Respondent in staying this case, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts" and potentially having to satisfy the heavy burden of 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements. *Thomas,* 89 F. Supp. 3d at 943.

That said, even where the Court determines that a stay is appropriate pending exhaustion, it "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The Court therefore conditions the stay on Petitioner returning to federal court within 90 days of either his re-sentencing in the trial court (if he does not appeal his new sentence) or the completion of any re-sentencing appeal in the Michigan appellate courts (if he does appeal his new sentence).[2]

---

[2] If the Wayne County Circuit Court has already resentenced Petitioner but has not updated its online records to reflect his re-sentencing, and Petitioner decides not to

3

## III. Conclusion

Accordingly, the Court hereby **GRANTS** Petitioner's motion to stay and hold his habeas petition in abeyance pending the completion of his re-sentencing proceedings in the state courts. To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to close this case for statistical purposes only. Nothing in this order shall be considered a disposition of the petition. *Thomas,* 89 F. Supp. 3d at 943-44.

**SO ORDERED**.


Dated: January 13, 2017                    s/Terrence G. Berg
                                           TERRENCE G. BERG
                                           UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that this Order was electronically submitted on January 13, 2017, using the CM/ECF system, which will send notification to all parties.

                                           s/A. Chubb
                                           Case Manager

---

appeal that sentence, he must return to federal court within 90 days of this Order instead of within 90 days of his re-sentencing.