STATE OF MICHIGAN
IN THE THIRD CIRCUIT COURT OF MICHIGAN
FOR THE COUNTY OF WAYNE

PEOPLE OF THE STATE OF MICHIGAN
                      Plaintiff,

vs.                                            Case No. 12-009631-01-FC
                                            Hon. Mariam S. Bazzi

ROBERT ANTHONY SMITH,
                      Defendant.
_____/

## OPINION

On March 14, 2013, after a jury trial, defendant, Robert Smith was convicted of four counts of **assault with intent to murder**, contrary to MCL 750.83, **home invasion, first degree**, contrary to MCL 750.110(a), **unlawful imprisonment**, contrary to MCL 750.349b, two counts of **possession of a firearm by a felon**, contrary to MCL 750.224f, two counts of **carrying a dangerous weapon with unlawful intent**, contrary to MCL 750.226, two counts of **felony firearm**, contrary to MCL 750.b-a, **assault with intent to do great bodily harm less than murder**, contrary to MCL 750.84, and **discharge of a firearm from a vehicle**, contrary to MCL 750.234(a). On March 28, 2013, defendant was concurrently sentenced as a habitual fourth (4th) offender to two hundred twenty (220) to seven hundred fifty (750) years' for his AWIM convictions, twenty-six (26) to fifty (50) years' for his home invasion conviction, twenty (20) to fifty (50) years' for carrying a dangerous weapon with unlawful intent convictions, felon in possession of a firearm,

# EXHIBIT F

and assault with intent to do great bodily harm less than murder convictions. Defendant was given ten (10) to fifteen (15) years' for his discharge of a firearm from a vehicle conviction, and a consecutive two year sentence for felony firearm convictions. On March 12, 2015, Michigan's Court of Appeals affirmed defendant's conviction and sentence. On April 8, 2016, Michigan's Supreme Court denied defendant's application for leave to appeal, and motion to stay, but held

> On order of the Court, the motions to add issue and to supplement are GRANTED. The motion to remand and the application for leave to appeal the March 12, 2015 judgment of the Court of Appeals are considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Wayne Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in People v. Lockridge, 498 Mich. 358, 870 N.W.2d 502 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. People v Smith, 499 Mich 898; 876 NW2d 825 (2016).

On June 8, 2016, this Court denied defendant's motion for re-sentencing. On March 29, 2017, this Court granted in part, and denied it in part, defendant's motion to show cause; "Wayne County Court Clerk [was directed] to update the register of actions consistent with the requirements of **MCR 8.119(D)(1)(c)**." On March 29, 2017, Michigan's Court of Appeals vacated this Court's previous order denying defendant's motion for re-sentencing, and remanded the case for re-sentencing in light of the recent

2

*People v Lockridge* decision. On August 9, 2017, Michigan's Court of Appeals dismissed defendant's claim of appeal because it was not filed within 42 days of the entry of the March 28, 2013 judgment of sentence as required by **MCR 7.204(a)(2)(c)**. Defendant now submits a motion to withdraw or remove his appellate counsel and appoint substitute counsel, and a motion for relief from judgment, seeking a new trial, pursuant to **MCR 6.500 et. seq.** The Prosecution has not filed a response.

    **MCR 6.508(D)** provides in relevant part:

The Defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the Defendant if the motion:

\*\*\*

(2) Alleges grounds for relief which were decided against the Defendant in a prior appeal or proceeding under this subchapter, unless the Defendant establishes

(3) Alleges grounds for relief, except jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the Defendant demonstrates

(a) Good cause for failure to raise such grounds on prior appeals or in the prior motion, and

(b) Actual prejudice from the alleged irregularities that support the claim for relief. As used in this rule, "actual prejudice" means that
(i) In a conviction following a trial, but for the alleged error the Defendant would have had a reasonably likely chance for an acquittal;

\*\*\*

(iii) Or that the irregularity was so offensive to the maintenance of a sound judicial process it should not be allowed to stand regardless of its effect on the outcome of the case.

\*\*\*

    The court may waive the "good cause" requirement of sub-rule (D)(3)(a) if it concludes that there is a significant possibility that the Defendant is innocent of the crime.

3

Defendant claims he received new evidence that the arresting police officers in his case, Jelani Dew and Adrian Singleton committed criminal acts against Robert Hill, as evidence that they did similar misconduct in his case. *People v Cress*, 468 Mich 678, 692; 664 NW2d 174 (2003). Defendant also says the prosecutor failed to disclose these two officers misconduct in violation of *Brady v Maryland*. Defendant claims the officers' misconduct seriously undermines their credibility as the key witnesses for the state's case against him. As such, defendant argues he would have been acquitted had he received the critical exculpatory information prior to his trial.

This Court has long held that a new trial may be granted on the basis of newly discovered evidence and has applied the same four-part test for ruling on such motions for over a century. *Canfield v. City of Jackson*, 112 Mich. 120, 123, 70 NW 444 (1897); *People v. Johnson*, 451 Mich. 115, 118; 545 NW2d 637 (1996). This test was most recently reaffirmed in *Cress*, which held that a motion for a new trial based on newly discovered evidence may be granted upon a showing that: (1) the evidence itself, not merely its materiality, is newly discovered, (2) the evidence is not merely cumulative, (3) the evidence is such as to render a different result probable on retrial, and (4) the defendant could not with reasonable diligence have produced it at trial. *People v. Cress*, 468 Mich 678, 664 NW2d 174 (2003); *People v. Barbara*, 400 Mich 352, 362-363, 255 NW2d 171 (1977); *People v. Williams*, 77 Mich App 119, 131, 258 NW2d 68 (1977).

However, it is equally well established that "motions for relief from judgment based upon the issue of newly-discovered evidence are looked upon with disfavor, and the cases where Michigan's Supreme Court have held that there was an abuse of discretion in denying a motion based on such grounds are few and far between." *Webert v. Maser*, 247 Mich. 245, 246, 225 NW 635 (1929). The rationales underlying this proposition are apparent. "A motion for a new trial, upon the ground of newly-discovered evidence, is not regarded with favor ... [because] [t]he policy of the law is to require of parties care, diligence, and vigilance in securing and presenting evidence." *Canfield, supra* at 123 (quotation marks and citation omitted) "Such applications are entertained with reluctance and granted with caution because of the manifest injustice in allowing a party to allege that which may be the consequence of his or her own neglect in order to defeat an adverse verdict." *People v Rao*, 491 Mich 271, 279–80; 815 NW2d 105, 111 (2012).

> "[E]vidence is newly discovered if it can be shown to have been unknown to the defendant or his counsel at the time of trial." Indeed, because "[o]ne does not 'discover' evidence after trial that one was aware of prior to trial," this is the only reasonable understanding of "newly discovered evidence." *People v. Terrell*, 289 Mich App 553, 563, 797 NW2d 684 (2010) (emphasis, quotation marks, and citation omitted). "To hold otherwise stretches the meaning of the word 'discover' beyond its common understanding. *Webster's Third New Int'l Dictionary* 647 (2002) (defining 'discover' as 'to make known (something secret, hidden, unknown, or previously unnoticed)')." *Id.* (quotation marks and citation omitted).

Further, Michigan courts have held that a defendant's awareness of the evidence at the time of trial precludes a finding that the evidence is newly discovered, even if the

5

evidence is claimed to have been "unavailable" at the time of trial. This rule has been applied in various circumstances giving rise to the evidence's claimed "unavailability." In *People v. Purman*, 216 Mich 438–439, 185 NW 725, Michigan's Supreme Court explained that a "new trial will not be granted because of newly-discovered evidence where the witness who was to give it was known to the accused, although he could not be found at the time of the trial, where no continuance or postponement was requested."

Consequently, this Court has determined that defendant's documentary evidence is not new, although defendant did not obtain evidence of the arresting officers' lawsuit until December 6, 2017. The shooting death of Robert Hill occurred on July 16, 2008. Defendant's trial began on March 4, 2013 and he was not convicted until March 14, 2013. Thus, this Court holds the evidence regarding officers Dew and Singleton involvement in the shooting death of Robert Hill is not new evidence, as it was available prior to defendant's trial. Moreover, defendant has not articulated how clearly the alleged misconduct in the Hill case is material to his case. Defendant's case is not factually similar to Hill's, nor is the arresting police officers the only witnesses against defendant for the crimes he has been convicted of committing.[1] So, even absent

---

[1] Defendant was convicted of four counts of assault with intent to murder, one count with respect to each of the following victims: Quiana Ray, Darryl Moncrease, Detroit Police Officer Jelani Dew, and Detroit Police Officer Adrian Singleton. With respect to the counts in which Ray and Moncrease were the victims, Teleshia Kirksey testified that, after chasing her on foot around Moncrease's Dodge Charger parked in front of Kirksey's house on Stoepel Street in Detroit, defendant fired a 9 millimeter gun at the Charger driven by Moncrease and in which Ray and Kirksey were passengers, when defendant was within 5 to 10 feet of the vehicle. Kirksey saw and heard

the testimony from the arresting officers, defendant would still be convicted for the underlying charges and received the same sentence. *Cress, supra*. As this Court has determined that defendant's evidence does not meet the threshold of new evidence, for similar reasons this Court also finds no merit in defendant's claim the prosecution committed a Brady violation. Moreover, as defendant has previously raised the issue of prosecutorial misconduct[2], he now lacks good cause for not raising this issue in a prior motion or appeal. **MCR 6.508(D)**.

Accordingly, defendant's arguments fail to meet the heavy burden under **MCR 6.508 (D) (3) (a)** good cause and actual prejudice. As a consequence of defendant's failure to show good cause or prejudice as required by the court rules, his motion for relief of judgment requesting a new trial based upon newly discovered evidence is found to be without merit. **MCR 6.508(D)(3)**. Therefore, defendant's motion for relief from judgment, and motion to remove appellate counsel are **DENIED**.

Dated: 2/22/18

_____
Circuit Court Judge

---

defendant shoot one time at the Charger. Ray testified that she heard three or four gunshots right by the Charger as it pulled off on Stoepel Street and that defendant was outside the Charger and very close to it at this point. Detroit Police Officer Raymond Diaz, an evidence technician, examined the Charger and testified that it contained a bullet impact mark on the passenger side of the vehicle and that the metal appeared freshly sheered. Kirksey testified that, during a later confrontation on Burnet Street, defendant pointed his gun at Moncrease and threatened to kill Ray and Moncrease unless Kirksey left their vehicle and got into defendant's vehicle. *People v Smith*, No. 316224, 2015 WL 1119716 (2015), remanded in part, app den in part 499 Mich 898; 876 NW2d 825 (2016).

[2] Defendant presents an incomprehensible argument that the prosecutor and the trial court erroneously suggested to the jury that it "consider either the first time or the second time to find [defendant], guilty of home invasion and the charged [assault with intent to commit murder] against Mr. Moncrease, Ms. Kirksey, and Ms. Ray." *People v Smith*, No. 316224, 2015 WL 1119716, (2015), remanded in part, app den in part 499 Mich 898; 876 NW2d 825 (2016).

7

STATE OF MICHIGAN
IN THE THIRD CIRCUIT COURT OF MICHIGAN
FOR THE COUNTY OF WAYNE

PEOPLE OF THE STATE OF MICHIGAN
               Plaintiff,

vs.
                                                Case No. 12-009631-01-FC
                                                Hon. Mariam S. Bazzi

ROBERT ANTHONY SMITH,
               Defendant.
                                           /

## ORDER

At a session of this Court held in the Frank Murphy Hall of Justice on **FEB 2 2 2018**

PRESENT: HON. **HON. MARIAM S. BAZZI**
                                  Circuit Court Judge

In the above-entitled cause, for the reasons set forth in the foregoing Opinion;

**IT IS HEREBY ORDERED** that defendant's motion for relief from judgment requesting a new trial based upon newly discovered evidence and motion for removal of appellate counsel are **DENIED**.

                                                                       Circuit Court Judge

### PROOF OF SERVICE

I certify that a copy of the above instrument was served upon the attorneys of record and/or self-represented parties in the above case by mailing it to the attorneys and/or parties at the business address as disclosed by the pleadings of record, with prepaid postage on 2/26/18.

Name

8