UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANTHONY SMITH,

    Petitioner,

v.

SHANE JACKSON,

    Respondent,
_____/

Case No. 4:16-CV-13475
HONORABLE TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**<u>OPINION AND ORDER (1) GRANTING THE MOTION TO SUPPLEMENT THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 11), (2) THAT THE SUPPLEMENTAL PETITION (ECF No. 11) BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND (3) GRANTING RESPONDENT TIME TO FILE A SUPPLEMENTAL ANSWER TO THE SUPPLEMENTAL PETITION FOR WRIT OF HABEAS CORPUS</u>**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was held in abeyance pending Petitioner's re-sentencing in the state trial court following a remand by the Michigan Supreme Court pursuant to *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (Mich. 2015). This Court subsequently granted Petitioner's motion to reinstate the petition and ordered an answer from Respondent. ECF No. 9.

Petitioner has filed a motion to supplement the petition for writ of habeas corpus, in which he seeks to add additional claims. The motion to supplement is **GRANTED.** Respondent has **sixty (60) days** from the date of this order to file a supplemental answer.

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) (*citing* Fed. R. Civ. P. Rule 15). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998). A motion to amend a habeas petition may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant. *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997) (internal citations omitted). However, delay by itself is not sufficient to deny a motion to amend. *Coe*, 161 F.3d at 342.

The Court permits Petitioner to supplement his habeas petition. Petitioner's proposed supplemental habeas petition should be granted because it advances new claims that may have arguable merit. *See, e.g.*, *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). Additionally, because Petitioner has filed this motion to supplement the petition before Respondent filed an answer to the original petition, Petitioner was permitted to file an amended motion without seeking leave of the district court. *See Anderson v. United States*, 39 F.App'x. 132, 136 (6th Cir. 2002).

The Court will further order that the Clerk of the Court serve a copy of the Supplemental Petition for Writ of Habeas Corpus (ECF No. 11) and a copy of this Order on Respondent and on the Attorney General for the State of Michigan as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, at *2 (E.D. Mich. Aug. 2, 2005).

Finally, because the Court will allow Petitioner to supplement his petition, Respondent is given sixty (60) days to answer and brief the issues raised by the supplemental petition to ensure that Respondent has sufficient time to fully address the supplemental petition. *See Stewart v. Angelone,* 186 186 F.R.D. 342, 344 (E.D. Va. 1999); Rules Governing § 2254 Cases, Rule 4.

**IT IS ORDERED THAT:**

(1) The motion to supplement the petition is **GRANTED.**

(2) The Clerk of the Court shall serve the motion to supplement the petition and the supplemental petition (ECF No. 11) and a copy of this order on respondent.

(3) Respondent has **sixty (60) days** from the date of this order to file a supplemental answer.

DATED this 13th day of November, 2019.

BY THE COURT:


/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge