UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY SMITH**, | 4:16-CV-13475-TGB |
| Petitioner, | **OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S PENDING MOTIONS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*** |
| vs. | |
| **SHANE JACKSON**, | |
| Respondent. | |

Robert Anthony Smith, ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for assault with intent to commit murder, first-degree home invasion, unlawful imprisonment, intentional discharge of a firearm from a motor vehicle, two counts of carrying a weapon with unlawful intent, two counts of felon in possession of a firearm, two counts of felony-firearm, and assault with intent to commit great bodily harm.

For the reasons that follow, the petition is dismissed without prejudice because it contains claims that have yet to be exhausted with the state courts.

1

## I. Background

Petitioner was convicted by a jury in the Wayne County Circuit Court. Petitioner then filed an appeal of right. The Michigan Court of Appeals affirmed his conviction and sentence. *People v. Smith*, No. 316224, 2015 WL 1119716 (Mich. Ct. App. Mar. 12, 2015).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court, in lieu of granting leave to appeal, remanded the matter to the trial judge to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015). *People v. Smith,* 499 Mich. 898, 876 N.W.2d 825 (2016).

On remand, the trial judge denied Petitioner's motion for re-sentencing, on the ground that *Lockridge* could not to be applied retroactively to Petitioner's original sentence. *People v. Smith,* No. 12-009631 (Third Cir.Ct., June 8, 2016) (ECF No. 13-17, PageID.1522-23).

On September 19, 2016, Petitioner filed a petition for writ of habeas corpus, seeking habeas relief on the grounds that he raised in his original appeal.

On January 13, 2017, this Court granted Petitioner's motion to stay the proceedings pending his re-sentencing in the state courts. *Smith v. Jackson*, No. 16-13475, 2017 WL 132687 (E.D. Mich. Jan. 13, 2017).

Petitioner appealed the trial judge's refusal to re-sentence him as directed by the Michigan Supreme Court in their original order.  The Michigan Court of Appeals vacated the judge's order denying the motion for re-sentencing and remanded the matter back to the trial court for the judge to reconsider its sentence in light of the Michigan Supreme Court's earlier directive to the trial court. *People v. Smith,* No. 335797 (Mich.Ct.App. Mar. 29, 2017) (ECF No. 13-23, Page ID.2345).

Petitioner also filed a motion for a new trial, which the judge re-characterized as a post-conviction motion for relief from judgment and denied pursuant to M.C.R. 6.508(D)(3). *People v. Smith,* No. 12-009631 (Third Cir.Ct., Feb. 22, 2018)(ECF No. 13-19, PageID. 1708-15).

Petitioner has yet to be re-sentenced by the trial judge.

On September 12, 2019, this Court reopened the case to the Court's active docket.  Petitioner has filed an amended petition for writ of habeas corpus (ECF No. 5) and a supplemental petition. (ECF No. 11). Respondent has filed an answer (ECF No. 12) and a supplemental answer. (ECF No. 20).

Petitioner seeks habeas relief on a total of ten grounds, which the Court summarizes: (1) Petitioner and his attorney were absent from a critical stage of the proceedings, namely, a hearing to determine whether Petitioner was competent to stand trial; Petitioner was not competent to stand trial, (2) Petitioner was denied a fair trial because of prosecutorial misconduct, (3) the evidence was insufficient to convict, (4) Petitioner was

3

sentenced on the basis of inaccurate information, his sentencing guidelines were mis-scored, and he received untimely notice of the habitual offender sentencing enhancement, (5) Petitioner was denied the effective assistance of trial counsel, (6) Petitioner's Fourth Amendment rights were violated by the delay in arraignment, (7) the judge violated Petitioner's Sixth Amendment right to a jury trial by using factors that had not been proven beyond a reasonable doubt to score the sentencing guidelines, (8) the prosecution withheld exculpatory evidence, (9) Petitioner was denied the effective assistance of trial counsel, and (10) Petitioner's rights were denied when the judge or prosecutor failed to sequester certain witnesses.  Petitioner may also be raising a claim that the state trial judge's delay in re-sentencing him violates his right to due process.

Respondent, in his two answers, argues that Petitioner's ninth and tenth claims are unexhausted because these claims were never presented to the state courts, and further argues that the claims are procedurally defaulted because Petitioner no longer has an available state court remedy with which to exhaust these claims.

## II. Discussion

The petition is subject to dismissal because it contains claims that have yet to be exhausted with the state courts and for which an available state court remedy remains.

4

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner's ninth and tenth claims are unexhausted because they have yet to be presented to the state courts. Although Petitioner did raise some ineffective assistance of trial counsel claims on his appeal of right— which are included in his fifth claim—the ineffective assistance of trial counsel claims that Petitioner raises in his ninth claim were never presented to the state courts.

The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F. 3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the

habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995) (quoting *Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990)).  The ineffective assistance of counsel claims raised by Petitioner in his ninth claim are different than the ineffective assistance of counsel claims presented during Petitioner's direct appeals process and thus have not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003) (*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)); *See also Brandon v. Stone,* 226 F. App'x. 458, 459 (6th Cir. 2007).

Respondent argues that Petitioner's ninth and tenth claims are procedurally barred because they can no longer be exhausted in that M.C.R. 6.502(G)(1) permits a criminal defendant to only file one post-conviction motion for relief from judgment and Petitioner has already been denied post-conviction relief by the trial court. *See Banks v. Jackson,* 149 F. App'x. 414, 418 (6th Cir. 2005).  The exhaustion doctrine, in the context of habeas cases, is dependent upon whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003).

This Court disagrees with Respondent and believes Petitioner still has an available post-conviction remedy to exhaust his claims.

The Michigan Supreme Court ordered the trial judge to reconsider Petitioner's sentence in light of its holding in *People v. Lockridge, supra.* The trial judge initially refused to reconsider Petitioner's sentence,

erroneously concluding that *Lockridge* should not be applied retroactively to Petitioner's case, even though the Michigan Supreme Court had already ordered the trial judge to reconsider Petitioner's sentence under *Lockridge.* And the Michigan Court of Appeals remanded this matter to the Wayne County Circuit Court to reconsider Petitioner's sentence. Significantly, the Michigan Court of Appeals noted that "contrary to the trial court's ruling, defendant's sentencing challenge was *not a collateral attack*, but was instead premised on an order entered during his direct appeal." *People v. Smith,* No. 335797 (Mich.Ct.App. Mar. 29, 2017) (ECF No. 13-23, Page ID.2345) (emphasis added).

Any post-conviction motion filed by Petitioner while his sentence remained under review would have been premature. Under Michigan Court Rule 6.508(D)(1) the trial judge could not have granted post-conviction relief to Petitioner because his "judgment of sentence was still subject to challenge on appeal...." Mich. Ct. R. 6.508(D)(1). Petitioner's motion for a new trial, even if it could be construed as a post-conviction motion, was prematurely filed pursuant to M.C.R. 6.508(D)(1). In light of the fact that Petitioner's motion for a new trial was filed before the judge has considered re-sentencing Petitioner, this Court cannot say with certainty that Petitioner would now be unable to file a post-conviction motion for relief from judgment to exhaust these new claims. *See Ditrapani v. Trierweiler*, No. 1:18-CV-356, 2018 WL 3081958, at * 3 (W.D. Mich. June 22, 2018) ("When it is uncertain whether the Michigan courts

will consider the petitioner's habeas claims on the merits, this Court will presume that such state relief is available to the petitioner.").

This Court further notes that Petitioner's motion for a new trial was re-characterized by the trial court as a post-conviction motion for relief from judgment brought pursuant to M.C.R. 6.500, *et. seq.* There is no indication that the trial judge gave Petitioner advance warning that she would recharacterize his motion for re-sentencing as a post-conviction motion, nor is there any indication that Petitioner was given an opportunity to amend his motion to include any additional claims. M.C.R. 6.502(F) provides that, "The court may permit the defendant to amend or supplement the motion [for relief from judgment] at any time." Because the trial court re-characterized Petitioner's motion for a new trial as a post-conviction motion filed under M.C.R. 6.500 without giving him an opportunity to amend his motion to add additional claims, Michigan law may permit Petitioner to file a supplemental motion for relief from judgment to raise his ninth and tenth claims. *See e.g. Butler v. Booker,* No. 2:09–CV–10898, 2009 WL 1010919, at *3 (E.D. Mich. Apr. 14, 2009) (stating that it was possible Michigan courts would entertain second motion for relief from judgment where first motion was rejected for failing to conform with page limits contained in M.C.R. 2.119, and therefore potentially not adjudicated on the merits); *Jackson v. Lafler,* No. 1:08-CV-187, 2008 WL 1808822, at *2 (W.D. Mich. Apr. 21, 2008) (M.C.R. 6.502(G) did not preclude petitioner from filing post-conviction

motion when his earlier motion for relief from judgment was denied without prejudice); *Rushing v. Booker,* No. 04-74322, 2005 WL 1529623, at *3 and n.5 (E.D. Mich. June 28, 2005) (suggesting that petitioner could file another motion for relief from judgment, when petitioner's first motion was dismissed without prejudice and he had not been given an opportunity, pursuant to M.C.R. 6.502(F), to amend or supplement the first motion); *People v. Rhoades*, 467 Mich. 946, 656 N.W.2d 525 (2003) ("for purposes of MCR 6.502(G)(1), the Court notes that contrary to the trial court's characterization of defendant's motion as a motion for relief from judgment, defendant properly designated his motion as motion for resentencing").

This Court "should exercise caution in finding that" M.C.R. 6.502(G) would bar Petitioner from presenting his new ineffective assistance of counsel claims and his sequestration claim to the Michigan courts in a supplemental motion for relief from judgment. *Banks*, 419 F. App'x. at 418. "Because it is at least debatable whether the Michigan courts would entertain [these claims] on a second or successive motion for state postconviction relief," *Id*., a procedural bar to such a second motion is not clearly applicable. *Id*. at 419-20.

Finally, to the extent that Petitioner is seeking an order from this Court to order the state trial judge to comply with the Michigan Supreme Court's order to re-sentence Petitioner, this Court unfortunately does not have the power to do this. It is well settled that "federal courts have no

authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970).  This Court thus lacks the authority to compel the state trial court to comply with the Michigan Supreme Court's order to consider re-sentencing petitioner pursuant to *People v. Lockridge. See e.g. Smith v. Thompson*, 437 F. Supp. 189, 191 (E.D. Tenn. 1976), *aff'd* 559 F.2d 1221 (6th Cir. 1977); *cert. den.* 434 U.S. 907 (1977). Petitioner could seek an order of superintending control from the Michigan Court of Appeals pursuant to M.C.R. 3.302 (D)(1) and M.C.R. 7.203 (C)(1) to order the Wayne County Circuit Court to re-sentence him.  If the Michigan Court of Appeals failed to issue an order of superintending control, Petitioner could seek an order of superintending control from the Michigan Supreme Court pursuant to M.C.R. 7.301(A)(6).

Because petitioner has not sought relief from the Michigan appellate courts to compel the trial court to re-sentence him, he is not excused from exhausting his claims in the state courts. *See Porter v. Sanders,* No. 2:12-CV-11287, 2012 WL 1353703, at *2 (E.D. Mich. Apr. 16, 2012); *Scott v. Woods*, No. 2:15-CV-13095, 2016 WL 1554934, at *3 (E.D. Mich. Apr. 18, 2016); *Washington v. Warden, Ross Correctional Institute,* No. 02-70096, 2003 WL 1867914, * 3 (E.D. Mich. Mar. 21, 2003)*; See also Wells v. Marshall*, 885 F. Supp. 314, 318 (D. Mass. 1995) (state prisoner was not exempt from exhaustion requirement for filing a

petition for writ of habeas corpus, though his motion for new trial had been pending in the state trial court since July, 1991, where he did not seek intervention from the highest state court to remedy the delay). Petitioner's failure to adequately pursue his claims in state court "disqualifies his case from consideration under the narrow exception [to the exhaustion requirement]." *See Dillon v. Hutchinson,* 82 F. App'x. 459, 462 (6th Cir. 2003).

Petitioner has failed to exhaust his state court remedies and has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, see *Rhines v. Weber,* 544 U.S. 269 (2005), in this case, a stay of Petitioner's application for a writ of habeas corpus would be unnecessary, because the present habeas petition was filed with this Court before Petitioner's conviction became final with the state courts pursuant to 28 U.S.C. § 2244(d)(1)(A). Although the Michigan appellate courts affirmed Petitioner's conviction, the Michigan Supreme Court remanded the case to the Wayne County Circuit Court for re-sentencing. There is no indication that Petitioner has been re-sentenced or denied his request for re-sentencing. Moreover, following any decision by the trial judge to either grant or deny Petitioner's motion for re-sentencing, Petitioner would be entitled under

Michigan law to file an appeal of right.[1]  Where state appellate courts affirm a habeas petitioner's conviction but reverse his or her sentence, the judgment against the petitioner becomes final, for commencing the one-year period for filing a habeas petition, when direct review of the new sentence is completed. *See Rashad v. Lafler,* 675 F.3d 564, 567-69 (6th Cir. 2012) ("The judgment became final upon the conclusion of direct review of the new sentence he received at resentencing.").   Because Petitioner has not yet been re-sentenced, the one-year limitations period has yet to commence.  Because the one-year limitations period has yet to begin running in this case, Petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his re-sentencing in the state trial court and any appeal following the re-sentencing.    Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001); *See also Ross v. Bunting*, 1:13–CV–1420; 2014 WL 3053304, * 5, 8-9 (N.D. Ohio July 7, 2014). [2]

---

[1]  Where an appellate court in Michigan has remanded a case for some limited purpose following a defendant's appeal as of right in a criminal case, a second appeal as of right, limited to the scope of remand, lies from that decision on remand. *See People v. Kincade,* 206 Mich. App. 477, 481; 522 N.W.2d 880 (1994); *See also People v. Jones,* 394 Mich. 434, 435-436; 231 N.W.2d 649 (1975).  This rule applies to cases that have been remanded for re-sentencing pursuant to *People v. Lockridge. See e.g. People v. Howard,* 323 Mich. App. 239, 242, 916 N.W.2d 654, 655 (2018).

[2]  The statute of limitations would also be tolled pursuant to 28 U.S.C. § 2244(d)(2) while Petitioner's post-conviction motion remained pending in the state trial and

Finally, because the Court is dismissing the petition without prejudice, petitioner's pending motions are denied as moot.

### III.  Conclusion

The Court will summarily dismiss the petition for writ of habeas corpus without prejudice.  The Court will also deny a certificate of appealability to Petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules

---

appellate courts.  As mentioned above, until Petitioner is actually re-sentenced, any post-conviction motion would be premature.

Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that Petitioner had failed to exhaust two of his claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). However, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## IV. Order

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that petitioner's pending motions (ECF No. 16, 17, 18, 24, 25, and 26) are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** That a Certificate of Appealability is **DENIED.**

14

**IT IS FURTHER ORDERED** that Petitioner will be **GRANTED** leave to appeal *in forma pauperis*.

**IS SO ORDERED**.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

Dated:  April 30, 2020.