UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY SMITH-BEY**, | 4:16-CV-13475-TGB |
| Petitioner, | **ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE RENEWED MOTION FOR BOND PENDING REVIEW OF PETITIONER'S § 2254 PETITION FOR HABEAS CORPUS AND BRIEF IN SUPPORT (ECF NOS. 34-35)** |
| vs. | |
| **SHANE JACKSON**, | |
| Respondents. | |

Before the Court are Petitioner Robert Anthony Smith's motions (1) for leave to file renewed motion for bond pending review of Petitioner's § 2254 petition for habeas corpus and brief in support, ECF No. 34, and (2) for immediate consideration of the previous motion. ECF No. 35. For the reasons stated herein, the Court will **DENY** both of Petitioner's motions.

## I. Background

On September 23, 2016, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for assault with intent to commit murder, first-degree home invasion,

1

unlawful imprisonment, intentional discharge of a firearm from a motor vehicle, two counts of carrying a weapon with unlawful intent, two counts of felon in possession of a firearm, two counts of felony-firearm, and assault with intent to commit great bodily harm. ECF No. 1. In 2017, this Court granted Petitioner's motion to stay the proceedings pending his re-sentencing in the state courts. *Smith v. Jackson*, No. 16-13475, 2017 WL 132687 (E.D. Mich. Jan. 13, 2017). On September 12, 2019, this Court reopened the case to the Court's active docket. Petitioner filed an amended petition as well as a supplemental petition that included some claims that had not been exhausted with the state courts. As of April 30, 2020, Petitioner had yet to be re-sentenced by the trial judge, and this Court determined that Petitioner still has an available post-conviction remedy to exhaust his claims. ECF No. 32, PageID.3416. Consequently, on April 30, 2020, this Court issued its decision denying without prejudice Petitioner's § 2254 petition for failure to exhaust some of his claims in state court. *Id.* at PageID.3423.

The Court's decision was handed down during the height of the COVID-19 pandemic, while the Court's physical courthouse was closed, and the Clerk's Office was operating at a limited capacity. On May 1, 2020, the Clerk's Office entered on the docket two motions that Petitioner authored on March 27, 2020. *See* ECF Nos. 34-35. These motions seek leave to file a renewed motion for bond pending review of Petitioner's (then-pending) § 2254 petition as well as immediate consideration of that

motion. *Id.* When Petitioner mailed these motions to the Court on March 27, 2020, the Court had not yet ruled on Petitioner's § 2254 petition, but the Court did not receive the motions until May 1, 2020. In light of the timing of the filing of Petitioner's motions and the Court's Order, the Court sought a response from the Government. ECF No. 37. The Government responded on May 21, 2020. ECF No. 38. On May 7, 2020, Petitioner filed a Notice of Appeal to the Sixth Circuit, seeking review of the Court's denial of his § 2254 petition. ECF No. 39. This Notice of Appeal was not entered on Petitioner's docket until May 29, 2020. Therefore, the Government was not aware of Petitioner's Notice of Appeal when it authored its response.

## II. Standard of Review

Release pending appeal of the denial of a writ of habeas corpus is governed by Federal Rule of Appellate Procedure 23(b). To be eligible for release, Smith "must not only demonstrate that his petition raises a substantial claim, he must also show 'some circumstance making th[e] application exceptional and deserving of special treatment in the interests of justice.'" *Anderson v. Napel*, No. 17-1740, 2017 WL 5895735, at *1 (6th Cir. Nov. 28, 2017) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers)). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and commonsense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in

the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). That power is to be used "very sparingly," and only in cases where there appears to be a high likelihood of success. *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). *See Clark v. Hoffner*, No. 16-11959, 2020 WL 1703870, at *2 (E.D. Mich. Apr. 8, 2020) (explaining that only in rare circumstances will a habeas petitioner be given bail before a merits decision on the habeas motion). In order to receive bail pending a decision on the merits of a habeas petition, a prisoner must show: (1) a substantial claim of law based on the facts surrounding the petition; and (2) circumstances that make the motion for bail "exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S. Ct. 3, 5 (1964)). Even if the court were to conclude that the petition raised substantial questions of law, "[m]erely to find that there is a substantial question is far from enough." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79.

### III.

Mr. Smith is not entitled to release under this standard because he has not shown a substantial claim of law and has not shown any exceptional circumstances that warrant his release. As to whether  Mr. Smith has shown a substantial claim of law, his petition was dismissed

without prejudice because it contained claims that have yet to be exhausted with the state courts and for which an available state court remedy exists. ECF No. 32. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)). The Court determined that Petitioner's ninth and tenth claims were unexhausted because "they have yet to be presented to the state courts." ECF No. 32, PageID.3414. Petitioner's failure to adequately pursue his claims in state court "disqualifie[d] his case from consideration under the narrow exception [to the exhaustion requirement]." *Id.* at PageID.3420 (quoting *Dillon v. Hutchinson*, 82 F. App'x. 459, 462 (6th Cir. 2003). Petitioner therefore has not shown that he has a substantial claim of law at this time.

Additionally, Petitioner has not shown any exceptional circumstances that warrant his release. Petitioner's earliest release date is March 2041, and his maximum discharge date is July 2064. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=36558 Petitioner argues that the unprecedented COVID-19 pandemic has created exceptional circumstances warranting his release on bond pending his current appeal before the Sixth Circuit. While the Court

recognizes the significant health risks that the virus has presented to prisons and jails throughout the country, Petitioner has not shown the existence of any circumstances making his motion for bond exceptional. Petitioner reports to be taking seven daily medications: lisinopril, hydrochlorothiazide, amlodipine besylate, atorvastatin, ferrous sulfate, meloxicam, and Tylenol. Based on the court's own research, lisinopril treats hypertension, high blood pressure, and congestive heart failure. Hydrochlorothiazide and amlodipine besylate treat high blood pressure. Atorvastatin is a cholesterol-lowering medication. Ferrous sulfate treats iron deficiency or anemia. And meloxicam is used to treat arthritis. Some of the medications listed by Petitioner are for medical conditions that have been described by the CDC as increasing the risk of severe illness if COVID-19 is contracted.  *See People Who Are at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated June 25, 2020).

However, the Michigan Department of Corrections ("MDOC") has taken numerous steps to protect its prisoners from COVID-19. It appears that as of July 20, 2020, the Michigan Department of Corrections has tested every prisoner in its system. *See* https://medium.com/@MichiganDOC/mdoc-takes-steps-to-prevent-spread-of-coronavirus-covid-19-250f43144337 (last visited July 20,2020). And as of July 20, 2020, the Earnest C. Brooks Correctional Facility, where Petitioner is currently

6

incarcerated, has tested 1205 prisoners, all of whom have tested negative. *Id.* And the MDOC is taking active measures to prevent the virus from entering the prison. *See* MDOC Director's memo on combatting COVID-19, ECF No. 38-2; *see also* ECF No. 38, PageID.3454. Therefore, it appears that the MDOC has exercised due care in developing practices to prevent the spread of the virus within the prison that Petitioner is incarcerated. On this record, Petitioner has not demonstrated exceptional circumstances. *See Puertas v. Overton*, 272 F. Supp. 2d 621, 630-31 (E.D. Mich. 2003) (finding bond was warranted where state trial court found petitioner's *Brady* claim was meritorious and granted him a new trial, and where petitioner was suffering from severe coronary artery disease, bladder cancer and there were allegations that MDOC's medical care was not sufficient).

## IV.

In sum, Petitioner has not demonstrated that his circumstances present the very unusual case where a habeas petitioner should be admitted to bail prior to a decision addressing the merits of his habeas claims. Accordingly, Petitioner's motions (1) for leave to file renewed motion for bond pending review of Petitioner's § 2254 petition for habeas corpus and brief in support (ECF No. 34) and (2) for immediate consideration of that motion (ECF No. 35) are **DENIED**.[1]

---

[1] On June 8, 2020, the Clerk's Office docketed a letter from Petitioner, postmarked May 26, 2020, seeking additional time to file a reply to the State's response. ECF No. 41. The Court received

**IT IS SO ORDERED**.

DATED: July 21, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

---

Petitioner's reply brief (ECF No. 42) and accepts it as timely. Accordingly, Petitioner's motion to extend time (ECF No. 41) is GRANTED.